## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DEMETRIUS D. CALDWELL, et al.,     )

                           )

     Plaintiffs,             )

                           )

v.                            )     Case No.:  2:15-cv-01923-JHE

                           )

REDSTONE FEDERAL CREDIT UNION,     )

et al.,                     )

                           )

     Defendants.           )

## MEMORANDUM OPINION AND ORDER[1]

On June 28, 2017, Defendants Redstone Federal Credit Union ("Redstone") and the Law Office of C. Howard Grisham ("Grisham") moved to dismiss Plaintiffs' First Amended Class Action Complaint, (doc. 48), under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e).  (Docs. 51 & 53).  Plaintiffs filed a response opposing both motions, (doc. 61), and both Defendants replied, (docs. 62 & 63). The motions are fully briefed and ripe for review.  For the reasons stated more fully below, the motions to dismiss are **DENIED** and the alternative motions for a more definite statement are **GRANTED**.

### I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 15).

Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557, 127 S. Ct. 1955). Additionally, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*,

556 U.S. at 678, 129 S. Ct. at 1950.

## II. Background[2]

On October 29, 2015, Plaintiffs Demetrius and Sabrina Caldwell (the "Caldwells") initiated this action on behalf of themselves and a purported class against Redstone and Grisham, alleging five counts including a bankruptcy count of contempt for violating discharge injunctions[3] and a count for violations of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1). Defendants moved to dismiss the Caldwells' claims, (docs 7 & 10), and the undersigned granted those motions in part and denied them in part on October 17, 2016, dismissing all but the two claims identified above. (Doc. 30).

On June 14, 2017, Plaintiffs amended their complaint. (Doc. 48). In addition to the Caldwells, the amended complaint added named Plaintiffs Jane B. Locklin, Bart Reeves, Mitchell A. Davis, Jeremy D. Holland, Jessalyn Hooper, and Lorondo Brazelton (the "New Plaintiffs"). (*Id.* at ¶¶ 5-10). Each Plaintiff filed a Chapter 7 bankruptcy petition in the Northern District of Alabama. (*Id.* at ¶ 13). Each owed money to Redstone and/or Grisham. (*Id.* at ¶ 14). Each Plaintiff received a discharge from the Bankruptcy Court. (*Id.* at 17). Nevertheless, Redstone— which had been mailed a copy of the discharge orders in each case—used Grisham to attempt to collect the discharged debt. (*Id.* at ¶¶ 18-19).

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, these "facts" are taken directly from the amended complaint.

[3] On April 26, 2016, because of the unusual circumstances of this case, Chief Judge Karon Bowdre, acting on behalf of the Court, designated the undersigned magistrate judge to exercise authority over the bankruptcy matters arising herein, including the issue of whether to withdraw the reference to the Bankruptcy Court. (Doc. 25).

Specifically with respect to the Caldwells, Redstone obtained a judgment against Sabrina Caldwell for a debt on September 16, 2003. (*Id.* at ¶ 20). The Caldwells jointly filed for Chapter 7 bankruptcy on October 16, 2005, and received a discharge of Redstone's debt on January 25, 2006. (*Id.* at ¶¶ 21-22). *See also In re Caldwell*, No. 05-13100-TBB7. Despite the discharge, Redstone and Caldwell revived the judgment and recorded it with the Madison County Probate Office on June 20, 2013; afterwards, they attempted to collect the debt. (*Id.* at ¶¶ 23-24).

Redstone obtained judgments against each of the other named Plaintiffs as well, the dates of which are identified in the amended complaint. (*Id.* at ¶¶ 25, 29, 33, 37, 41, & 45). The amended complaint also notes the dates on which each Plaintiff filed for Chapter 7 bankruptcy, (*id.* at ¶¶ 26, 30, 34, 38, 42, & 46), and the dates on which each Plaintiff received a discharge of Redstone's debt, (*id.* at ¶¶ 27, 31, 35, 39, 43, & 47). The amended complaint alleges as to each of the New Plaintiffs that "[s]ubsequent to the discharge, Defendants have attempted and/or continue to attempt to collect the discharged debt from Plaintiff." (*Id.* at ¶¶ 28, 32, 36, 40, 44, & 48).

### III. Analysis

Both Defendants seek dismissal (or, alternatively, a more definite statement) of the claims asserted by the New Plaintiffs. (Doc. 51 at 4; doc. 53 at 6-7). Defendants argue the complaint lacks factual allegations to support that they violated the discharge order as to any of these plaintiffs, instead simply repeating the same conclusory allegation as to each. (Doc. 51 at 2-3; doc. 53 at 5). Plaintiffs contend the allegations, which they say are similar to those pled (and unchallenged) in their original complaint, are sufficient to raise the reasonable inference that Defendants are liable; therefore, their burden under *Iqbal* and *Twombly* is met. (Doc. 61 at 7-8). Plaintiffs also contend the motions to dismiss should be stricken for failure to comply with the undersigned's initial order, (doc. 16). (Doc. 61 at 3-4).

**A. Compliance with Initial Order**

Plaintiffs contend Defendants violated the initial order in two ways: (1) that Defendants did not designate their motions as "opposed," (*see* doc. 16 at 5); and (2) that the motions were submitted in 12-point type, rather than the 14-point type required by the initial order, (*see* doc. 16 at 5). (Doc. 61 at 3-4). This latter alleged violation, Plaintiffs say, allowed Redstone to illegitimately meet the initial order's fifteen-page limitation for non-summary-judgment motions, (*see* doc. 16 at 6). (Doc. 61 at 4). First, although neither motion indicates whether it is opposed or unopposed, the undersigned generally assumes dispositive motions such as these will be opposed. Second, neither motion appears to be in 12-point type, and each Defendant represents that its motion is in 14-point type. (*See* doc. 62 at 7; doc. 63 at 1-2). Therefore, the undersigned declines Plaintiffs' request to strike the motions.

**B. Sufficiency of Allegations Under Rule 12(b)(6)**

To state a claim for contempt of the discharge injunction, a plaintiff must allege facts supporting that a creditor was (1) aware of the discharge injunction and (2) intended the act that violated it. *In re McLean*, 794 F.3d 1313, 1323 (11th Cir. 2015). A plaintiff seeking to assert an FDCPA claim must show "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1294 (N.D. Ala. 2013) (quoting *Janke v. Wells Fargo and Co.,* 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011). Although Plaintiffs' contempt claim is against both defendants and their FDCPA claim is only against Grisham, the element common to each claim—in other words, the act Plaintiffs allege violated both the discharge injunction and the

FDCPA—is that Defendants have tried to collect debts that Plaintiffs discharged in bankruptcy.[4]

Defendants argue the amended complaint's allegations that "[s]ubsequent to the discharge, Defendants have attempted and/or continue to attempt to collect the discharged debt from" each of the six new Plaintiffs are insufficient to support this, as they are conclusory and not bolstered by any actual facts. (Doc. 51 at 2-3; doc. 53 at 5).

Plaintiffs identify several parts of the amended complaint they say illustrate the specific acts Defendants have done: (1) "attempting to collect discharged debts," (doc. 48 at ¶ 19); (2) wrongfully reviving and recording a judgment, (*id.* at ¶ 23); (3) the allegations of "attempt[ing] and/or continu[ing] to attempt to collect the discharged debt" they make for each of the six new Plaintiffs; and (4) collection activities that "include, but are not limited to, revival of judgment debts, writs of execution, and inaccurate reporting of the debt or judgment on a credit report," (*id.* at ¶ 50). (Doc. 61 at 6). The only one of these that describes a specific, concrete act is the second, which is an allegation exclusive to the Caldwells (whose claims Defendants do not challenge in their motions to dismiss). The other three portions are vague and conclusory. The first of these does little more than recite the element Plaintiffs are trying to support, and the third restates the first for each new plaintiff; in neither case do Plaintiffs indicate what Defendants are alleged to have done to attempt debt collection. The fourth is a class allegation describing, in general, the

_____

[4] Redstone characterizes the amended complaint as a shotgun pleading that "fails to identify who is alleged to have taken whatever action about which the six new plaintiffs are complaint," leaving it "to wonder whether the new Plaintiffs contend Redstone acted, Grisham acted, or they both acted." (Doc. 53 at 5). While it is true the amended complaint contains allegations that Defendants, generally speaking, engaged in particular actions, it also alleges "Redstone utilized . . . Grisham in attempting to collect discharged debts." (Doc. 48 at ¶ 19). The reasonable inference is that the actions Plaintiffs attribute to "Defendants"—assuming their complaint sufficiently described those actions—are the result of Redstone using Grisham's debt collection services.

types of acts Plaintiffs say constitute attempts to collect debt. This undermines the contention that

"attempting to collect discharged debt" identifies specific conduct, because it could refer to any or

all of these activities. Plaintiffs finally point to ¶ 66, which contains a laundry list of actions they

state Grisham has taken against the class members. (Doc. 61 at 8-9). Similar to the class

allegations in ¶ 50, this is simply a recitation of categories of actions Plaintiffs claim violate the

FDCPA, divorced from any specifics.

The Caldwells can hang their factual hats on the revived judgment; the New Plaintiffs have

nothing similar to support their claims. This is insufficient to state a claim for an FDCPA violation.

*See Thompson v. Resurgent Capital Servs., L.P.*, No. 2:12-CV-01018-JEO, 2015 WL 1486974, at

*16 (N.D. Ala. Mar. 31, 2015) (collecting cases for the proposition that, under Rule 8(a), an

FDCPA claim requires allegations "reasonably apprizing Defendants of at least the nature and

substance of the statements, threats, and communications being challenged."). As the contempt

claim relies on the same unspecified collection activity supporting the FDCPA claim, Plaintiffs

have likewise failed to state a claim for contempt of the discharge order. However, there is nothing

to suggest these plaintiffs could not allege facts sufficient to support their claims, and Plaintiffs in

fact state they are prepared to do so, (*see* doc. 61 at 10). Therefore, the motions to dismiss are

**DENIED**, and Plaintiffs will be permitted to amend their complaint to provide facts identifying

how Defendants attempted to collected the discharged debt from each of the new plaintiffs.[5]

---

[5] In a footnote in its motion to dismiss, Redstone briefly states that without factual support
for their claims, the new plaintiffs cannot demonstrate they are properly joined pursuant to Fed. R.
Civ. P. 20(a). (Doc. 53 at 6 n.1). Redstone fleshes this out in its reply, arguing noncompliance
with Rule 20(a) provides an independent basis to dismiss the new plaintiffs' claims. (Doc. 62 at
5). Beyond the single-sentence footnote, this argument was entirely undeveloped—and therefore
waived—in the motion. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987
n.16 (11th Cir. 2001). Consequently, it was raised for the first time in Redstone's reply brief and

## IV. Conclusion

For the reasons stated above, the motions to dismiss, (docs. 51 & 53), are **DENIED**.  The alternative motions for a more definite statement are **GRANTED**.  Plaintiffs are **ORDERED** to file an amended complaint by **January 16, 2018**, which should include the factual basis for the New Plaintiffs' claims that Defendants wrongfully attempted to collect the debts they discharged in bankruptcy.

DONE this 2nd day of January, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

is not properly before the court.  *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005).  In any event, Redstone's argument does not alter the undersigned's conclusion the plaintiffs should be required to provide a more definite statement rather than have their claims dismissed.